

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>John Doe subscriber assigned IP address 73.45.42.73,<br><br>    Defendant. | CASE NO. 1:18-cv-00450<br><br>MOTION TO QUASH OR MODIFY SUBPOENA |

**FILED**

MAR 28 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of a docket entry noting that the Plaintiff's Motion for Leave to File Third Party Subpoena was granted.

Accounts of previous lawsuits filed by Plaintiff suggest that Plaintiff seeks $150,000 in statutory damages from defendants[1], and immediately begins settlement proceedings. Being accused of downloading pornographic movies can be damaging to a defendant's reputation, even if the defendant is not ultimately found to be at fault, providing a powerful incentive for defendants to settle, even when innocent. Because of this, I respectfully request that I be allowed to file this motion without revealing my personally identifying information.

---

[1] https://www.torrentlawyer.com/malibu-media/

INTRODUCTION

Plaintiff is a media company. It alleges that Defendant is a serial infringer of its copyrights. Plaintiff alleges that it used forensic technology to identify an IP address associated with a Comcast account that is held in Defendant's name. Plaintiff alleges that this IP address was used to copy and distribute constituent elements of Plaintiff's copyrighted works. On this basis, Plaintiff has requested that Comcast be ordered to reveal the Defendant's true name and address.

However, Plaintiff has failed to establish a prima facie claim for copyright infringement and has failed to show that Plaintiff's interest in knowing the defendant's true identity outweighs defendant's interest in remaining anonymous.

ARGUMENT

### 1) Plaintiff Has Failed to Show Evidence That a Copy Was Made

Plaintiff claim that "Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit" relies upon the declaration of Plaintiff's investigator in Exhibit C of its complaint. However, Exhibit C declares only that "multiple pieces" of a specific copyrighted work were downloaded from the specified IP address. Exhibit C claims to have downloaded a full copy of the digital file to verify its contents, but does not specify that the full copy was downloaded from the specified IP address.

The unique cryptographic hash used by BitTorrent serves as an identifier for a specific digital file, much like a file name. It does not guarantee that the contents of the digital file are complete any more than a file name guarantees the contents of the file. Digital files shared by BitTorrent exist in thousands of pieces scattered across thousands of computers, and no single

computer is guaranteed to have all the pieces at once. Noting the presence of a cryptographic hash and verifying that some pieces of a file were present does not indicate that a full copy of the file was present.

Absent evidence that a full copy was made, Plaintiff cannot assert that Defendant copied and distributed the constituent elements of the original works, undermining any prima facie claim of copyright infringement.

**2) Plaintiff Has Failed to Connect Defendant to Copyright Infringement Allegations**

An IP address identifies a specific device at a specific point in time. It does not identify the user of that device. An IP address may identify a device such as a router, to which many other devices may be attached, each with their own users. In this way, a single IP address may have many simultaneous users, none of whom can be uniquely identified by IP address alone.

A court in this judicial district has already dismissed a copyright infringement claim made by IP address alone (see *PTG Nevada, LLC v. Chan,* Case: 1:16-cv-01621[75] (2017)) and an extensive list of similar cases has already been presented to a court in this district (see LHF Productions, Inc. v Does 1-26, Case 1:16-cv-09324[30] (2017)), including:

a) *VPR Internationale v. Does 1-1,017*, No. 11-02068 (ECF Doc. 15 at 2), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address, the correlation is still far from perfect . . . [t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

b) *Malibu Media, LLC v. Reynolds,* Case No. 12-cv-6672 (ECF Doc. 51 at 13) (N.D. Ill Mar. 7, 2013); TCYK, LLC v. Doe, 2013 U.S. Dist. LEXIS 88402, 6 (N.D. Ill. June 24, 2013) ("the increasing ubiquity of wireless networks undermines the copyright holder's

assumption that the ISP subscriber is the copyright infringer")

c) In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("It is no more likely that the subscriber to an IP address carried out . . . the purported illegal downloading . . . than to say an individual who pays the telephone bill made a specific telephone call.")

In fact, in Exhibit B of the Complaint Plaintiff's own forensic expert concedes that he has experience with cases in which the IP address failed to identify the proper offender, and concedes that BitTorrent users have some incentive to hijack a Wi-Fi connection to mask their behavior.

Absent evidence that Defendant is the copyright infringer, Plaintiff cannot claim that Plaintiff's interest in knowing the defendant's true identity outweighs defendant's interest in remaining anonymous.

## CONCLUSION

Plaintiff has failed to support their argument for issuance of a Rule 45 subpoena by failing to show a prima facie claim of copyright infringement and by failing to link Defendant to infringing behavior that would limit Defendant's expectation of privacy. Revealing Defendant's true name and address exposes Defendant to public humiliation and pressure to agree to a settlement, raising serious questions of fairness and justice.

Therefore, Defendant respectfully requests that the Court quash Plaintiff's subpoena. *See* Fed. R. Civ. P. 45(d)(3).

Dated: 03/28/2018                                   Respectfully submitted,


                                                    *s/John Doe*
                                                    John Doe
                                                    *Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 3/28/2018, I served a copy of the foregoing document, via US Mail, on:

>Mary K Schulz, Esq.
>Media Litigation Firm, P.C.
>1144 E. State Street, Suite A260
>Geneva, IL 60134