UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18 C 450 ) ) Judge Sara L. Ellis ) |
| JOHN DOE subscriber assigned IP address 73.45.42.73, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiff Malibu Media, LLC ("Malibu Media"), a creator and distributor of adult films, brings this complaint against Defendant John Doe subscriber assigned IP address 73.45.42.73,[1] alleging violations of the United States Copyright Act of 1976, as amended ("Copyright Act"), 17 U.S.C. §§ 101 *et seq*. Malibu Media claims that Doe violated the Copyright Act by using the BitTorrent file distribution network to illegally copy and distribute Malibu Media's copyrighted movies. Doe has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Malibu Media has not sufficiently pleaded that Doe engaged in copyright infringement and that venue is improper. Although the Court finds that Malibu Media has sufficiently established venue in this district, the Court agrees that Malibu Media has not sufficiently tied Doe to the alleged infringing conduct to support a copyright claim and so dismisses the amended complaint without prejudice.

---

[1] Malibu Media has identified Doe in a sealed amended complaint. Doc. 20. The Court has allowed him to proceed anonymously, Doc. 16, and so refers to him as Doe throughout this Opinion.

## BACKGROUND[2]

Between May 2015 and September 2017, Doe used BitTorrent, a software protocol that allows users to distribute data, including movie files, through peer-to-peer networks, to download, copy, and distribute twenty of Malibu Media's copyrighted movies without authorization. Malibu Media discovered Doe's actions by using an investigator, IPP International UG ("IPP"), to establish a direct connection with Doe's internet protocol ("IP") address and download pieces of each of these twenty movies. IPP then verified that the downloads corresponded with Malibu Media's copyrighted works. Based on account information corresponding to the IP address received from Comcast Cable Communications Management, LLC, the sealed amended complaint identifies Doe by his name and location. Malibu Media served Doe with the amended complaint at that location in this district.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[2] The facts in the background section are taken from Malibu Media's amended complaint and the exhibits attached thereto and are presumed true for the purpose of resolving Doe's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Works, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.     Venue**

The Court first addresses Doe's contention that Malibu Media has failed to properly establish venue because Malibu Media has not provided evidence to demonstrate the accuracy of the geolocation tools that it used to identify Doe's IP address.[3]  Venue in copyright cases is proper where Doe resides or can be found. 28 U.S.C. § 1400(a). Malibu Media bears the burden of establishing proper venue. *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). In ruling on Doe's motion to dismiss for improper venue, the Court takes all allegations in the amended complaint as true unless contradicted by affidavits provided by Doe. *Id.* The Court may also examine facts outside the amended complaint. *Id.* Because Doe has not provided any such information to the Court, the Court considers the allegations of the amended complaint while drawing all reasonable inferences in Malibu Media's favor. *Id.*

At the pleading stage, Malibu Media has sufficiently alleged that Doe resides or can be found in this district so as to establish proper venue. Malibu Media identified Doe's address in the sealed amended complaint, and that address is in this district. Doe also received service of the amended complaint at that address in this district. *See* Doc. 30 (proof of service filed under seal). Additionally, Malibu Media's allegations concerning its geolocation technology, claiming it has "consistently worked" in over "99% of the cases" filed by Malibu Media, suffice to link the IP address used to download the copyrighted movies to Doe's address in this district. Doc.

---

[3] Although Doe purports to bring his motion only pursuant to Rule 12(b)(6), the Court considers his venue argument under Rule 12(b)(3), the appropriate section for venue dismissal motions.

19 ¶¶ 5–6; *see Malibu Media, LLC v. Doe*, No. 15-986 (RDM), 2015 WL 5173890, at *2 (D.D.C. Sept. 2, 2015) ("The Court of Appeals has suggested that reliance on 'geolocation services' . . . is sufficient to justify a 'good faith belief' that a district court has personal jurisdiction over unknown defendants."); *Malibu Media, LLC v. Doe*, No. 14-cv-0932, 2015 WL 2451926, at *2 (E.D. Wis. May 21, 2015) (rejecting similar argument made by defendant); *Ingram v. Page*, No. 98 C 8337, 1999 WL 569565, at *2 (N.D. Ill. July 28, 1999) ("[I]f Defendants are subject to personal jurisdiction in a district, then venue is proper for the purposes of copyright infringement."). The cases Doe cites to suggest Malibu Media must provide more evidence do not apply here. *See* Doc. 25 at 9–10. Those cases involved motions seeking to quash or obtain early discovery issued to internet service providers before the individual defendant was identified and concluded that the plaintiff had not submitted proper evidence of the reliability of the geolocation services used. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 15-cv-2933-MMA-MDD, Doc. 5 at 4–5 (S.D. Cal. Feb. 17, 2016) (concluding that venue allegation not supported by any of the declarations filed in support of a motion for early discovery). Here, however, Malibu Media included such information in its request for early discovery. *See* Doc. 10-2, 10-3. Therefore, the Court finds that Malibu Media has sufficiently alleged that this district is a proper venue for this case.

**II.    Copyright Infringement**

To state a claim for copyright infringement, Malibu Media must plausibly allege that (1) it owns a valid copyright, and (2) Doe copied "constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Doe does not dispute that Malibu Media has properly pleaded ownership of the copyrights of the movies at issue but argues that Malibu Media otherwise has pleaded only

4

legal conclusions and has failed to tie him to the alleged infringement. The Court need only address Doe's contention that Malibu Media has not plausibly alleged his liability for the alleged copyright infringement.

The only connection alleged between Doe and the downloading and distribution of the copyrighted movies is that Doe is the account holder of the IP address used to download and distribute those movies. Courts across the country are split as to whether Malibu Media's allegations sufficiently tie a defendant to the infringing conduct. *Compare Countryman Nevada, LLC v. Pitts*, No. 6:14-cv-493-Orl-40GJK, 2014 WL 7178077, at *2 (M.D. Fla. Dec. 16, 2014) (collecting cases finding that identification of defendant solely by IP address is sufficient at the pleading stage to state direct infringement claim), *with Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) (dismissing direct infringement claim where plaintiff did not "provide specific facts tying the named defendant to the infringing conduct" and instead merely alleged that the defendant's IP address "was observed infringing Plaintiff's motion picture"). Most recently, the Ninth Circuit held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). Instead, to cross "the line between possibility and plausibility to relief," a plaintiff "must allege something more to create a reasonable inference that a subscriber is also an infringer." *Id.* at 1145, 1147 (quoting *Iqbal*, 556 U.S. at 678). As the Ninth Circuit noted, providing the identity of the IP subscriber "solves only part of the puzzle" because "multiple devices and individuals may be able to connect via an IP address." *Id.* at 1145. This Court agrees with the Ninth Circuit and those courts that have found that a plaintiff must allege more than simply the registration of an IP address to an individual in order to proceed against that

individual for copyright infringement. *See also AF Holdings LLC v. Rogers*, No. 12cv1519 BTM(BLM), 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013) ("[J]ust because an IP address is registered to an individual does not mean that he or she is guilty of infringement when that IP address is used to commit infringing activity."). Here, Malibu Media has not included the required "something more."

Malibu Media argues that *Cobbler Nevada* is distinguishable because the facts there indicated the IP address serviced an adult care home and both residents and visitors could access the IP address. *Cobbler Nevada*, 901 F.3d at 1145. But the Ninth Circuit did not confine its analysis to those facts nor does the Court believe such a narrowing appropriate. Additionally, Malibu Media asks the Court to consider its allegations that Doe's IP address was the source of a persistent pattern of copyright infringement—connecting with Malibu Media's investigator for twenty movies, not an isolated incident—relying on an order denying a motion to quash a subpoena to an internet service provider and allowing early discovery where the IP address allegedly infringed the plaintiff's copyrighted works sixty-six times. *See* Doc. 35 at 3; *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 67.170.214.219*, No. 18-cv-02019-YGR (EDL), Doc. 29, at 6 (N.D. Cal. Sept. 14, 2018). But while the *Strike 3 Holdings* court allowed the plaintiff to obtain the account holder information from the internet service provider, it noted that *Cobbler Nevada* "ensures that Plaintiff will not be able to rely on a bare allegation that Defendant is the registered subscriber of the IP address associated with infringing activity" in alleging a copyright infringement claim. *Strike 3 Holdings*, Doc. 29 at 6–7. And while the investigator connected to the offending IP address multiple times, several devices and individuals may have access to the internet under Doe's IP address, with it possible that a family member, visitor, or another unknown third party engaged in the infringing conduct instead, even

6

if, as Malibu Media claims in its sur-response, the IP address traces to a single-family home. "Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."[4] *AF Holdings LLC*, 2013 WL 358292, at *3. Therefore, without more facts, Malibu Media has not set forth a plausible claim against Doe, and the Court dismisses Malibu Media's amended complaint without prejudice, allowing Malibu Media the opportunity to amend to provide additional details tying Doe to the alleged infringement.

## CONCLUSION

For the foregoing reasons, the Court grants Doe's motion to dismiss [25]. The Court dismisses Malibu Media's amended complaint without prejudice.

Dated: December 10, 2018

SARA L. ELLIS
United States District Judge

---

[4] Malibu Media argues that its investigation methods reduce the potential for false positives and have been found sufficient to tie an IP address to the distribution of its copyrighted movies. *See* Doc. 29 at 4–5. But Malibu Media focuses on the wrong aspect of identification, relying on the accuracy of the technology in tracing the appropriate IP address. Here, the relevant issue is the potential that the individual named as Doe may not have been the one using the offending IP address to distribute the movies, which gives rise to a concern about false positives and the need for Malibu Media to plead "something more" tying Doe to the allegedly infringing conduct. *See Cobbler Nevada*, 901 F.3d at 1145, 1147.