UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 18 C 450 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| JOHN DOE subscriber assigned IP address 73.45.42.73, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

The Court denies Defendant John Doe's motion to dismiss Plaintiff's second amended complaint [45] and motion to strike allegations in Plaintiff's second amended complaint [44]. See Statement.

**STATEMENT**

Plaintiff Malibu Media, LLC ("Malibu Media"), a creator and distributor of adult films, brings this second amended complaint ("SAC") against Defendant John Doe subscriber assigned IP address 73.45.42.73,[1] alleging violations of the United States Copyright Act of 1976, as amended ("Copyright Act"), 17 U.S.C. §§ 101 *et seq*. Malibu Media claims that Doe violated the Copyright Act by using the BitTorrent file distribution network to illegally copy and distribute Malibu Media's copyrighted movies. The Court previously dismissed Malibu Media's amended complaint without prejudice, finding that Malibu Media had not sufficiently tied Doe to the alleged infringing conduct. Doc. 37. After Malibu Media filed the SAC to provide additional details tying Doe to the alleged infringing conduct, Doe filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to strike pursuant to Rule 12(f).

To state a claim for copyright infringement, Malibu Media must plausibly allege that (1) it owns a valid copyright, and (2) Doe copied "constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). In its Opinion on Doe's motion to dismiss the amended complaint, the Court agreed with the Ninth Circuit's holding that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the

---

[1] Malibu Media has previously identified Doe by name. Doc. 20. The Court has allowed Doe to proceed anonymously, Doc. 16, and so refers to him as Doe throughout this Order.

infringer."[2]  Doc. 37 at 5 (quoting *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018)); *see also AF Holdings LLC v. Rogers*, No. 12cv1519 BTM(BLM), 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013) ("[J]ust because an IP address is registered to an individual does not mean that he or she is guilty of infringement when that IP address is used to commit infringing activity.").  The Ninth Circuit instead held that, to cross "the line between possibility and plausibility to relief," a plaintiff "must allege something more to create a reasonable inference that a subscriber is also an infringer."  *Cobbler Nevada*, 901 F.3d at 1145, 1147 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In response to the Court's Opinion, Malibu Media filed the SAC, adding the following allegations to those in the amended complaint:  Doe, a male in his mid-forties, has lived at his residence since July 2014.  Doe has a Bachelor of Science degree in computer science and has training and employment experience in computer programming, software development, and mobile applications.  His experience translates to knowledge of internet security, including password protecting internet routers.  Doe was the only male at his residence during the period of recorded infringement, between March 12, 2015, and November 7, 2017.  Malibu Media's investigator downloaded one or more pieces of the sixteen Malibu Media copyrighted works at issue on approximately 300 occasions during this period.  Doe also downloaded, copied, and distributed at least 240 other works, including the television series Mr. Robot, The 100, and Vikings; the movie The Bourne Supremacy; and over 200 adult theme films from other creators.  Malibu Media has not discovered any use of BitTorrent after Doe received the subpoena issued to his ISP provider.

Doe argues that these additional allegations do not amount to the "something more" the Court required Malibu Media to allege to plausibly tie Doe to the infringement.  He also asks the Court to strike the allegations in ¶¶ 31 and 32 of the SAC about Doe's downloading of additional works and the cessation of BitTorrent use, as well as an allegation that the pattern of BitTorrent use over two years of time suggests that a permanent resident of the house, not a passerby or guest, committed the infringement.  The Court agrees with Doe that the additional works on their own do not necessarily suggest a match with a male in his mid-forties, but the need for additional evidence to prove this inference does not make those allegations irrelevant.  The mere fact of downloading additional works, regardless of the inference that can be drawn from those works' content, has helped tie the IP subscriber to the infringement at the pleading stage.  *See Malibu Media, LLC v. Funderburg*, No. 1:13-cv-02614, 2015 WL 1887754, at *1–2 (N.D. Ill. Apr. 24, 2015) (concluding that plaintiff plausibly suggested defendant was the infringing user where he was "the controlling account holder of an IP address associated with frequent BitTorrent use," including downloading digital media files not produced by plaintiff); *Malibu Media, LLC v. Doe*, No. WDQ-14-748, 2015 WL 857408, at *4 (D. Md. Feb. 26, 2015) ("That the Defendant's IP address was used to obtain 2,034 other third party files through BitTorrent over an 18-month period supports the reasonable inference that the Defendant—and not some other person using the Defendant's IP address—was the infringer.").  Similarly, here, the additional works may serve as circumstantial evidence that Doe, and not another individual accessing the IP address,

---

[2] The Court notes that, since its Opinion on the amended complaint, another court in this District has disagreed with *Cobbler Nevada* and found that allegations of the defendant's status as the registered IP address subscriber suffice at the pleading stage to tie a defendant to the infringing conduct.  *See Malibu Media, LLC v. Palella*, No. 18 C 3041, 2019 WL 1584556, at *2–3 (N.D. Ill. Apr. 12, 2019).

downloaded Malibu Media's copyrighted works. Additionally, Malibu Media's allegations concerning the length of time over which the downloads took place, as well as the fact that Malibu Media's investigator has not observed additional infringing activity since Doe's receipt of the subpoena, provides some context to infer that the same person engaged in the infringing conduct.[3] *See Doe*, 2015 WL 857408, at *4 (finding the timespan of the downloads supported concluding that the IP address subscriber, and not some other person, was the infringer). And Malibu Media's allegations about Doe's background in computer science and presence as the lone adult male in the residence during the period of infringement further make it plausible that Doe, and not another individual, was the infringer. *Cf. Elf-Man v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) (suggesting that "the defendant's living arrangements or network details" could tie a defendant to the infringing conduct). Taken together, the additional allegations in the SAC set forth a plausible claim tying Doe to the alleged infringement. The Court also does not find it appropriate to strike the allegations in ¶¶ 31 and 32 of the SAC where they add substance to Malibu Media's allegations.

      Doe also argues that Malibu Media has only alleged legal conclusions to support its copyright infringement claim. But Doe asks too much of Malibu Media at the pleading stage, where Malibu Media need not provide proof to support its allegations. *See Malibu Media, LLC v. Harris*, No. 1:12-cv-1117-WTL-MJD, 2013 WL 3780571, at *3 (S.D. Ind. July 18, 2013) ("Harrison seems to argue that Malibu Media must, at this stage, put forth actual proof that Harrison has a BitTorrent Client on his computer or he copied the Work. Harrison demands too much too soon; proof is not required to properly plead a claim for copyright infringement."). The SAC sufficiently includes details about the alleged infringement, including the hit date, file hash, and title of the copyrighted works Doe allegedly downloaded, copied, and distributed. While Doe challenges the sufficiency of this information to prove copyright infringement, again, such an argument is more appropriate for summary judgment. At this point, the SAC suffices to allow the case to proceed to discovery.

Date: June 5, 2019                                        /s/ Sara L. Ellis

---

[3] Although the cessation of infringing activity could not be used to prove culpability, this does not preclude Malibu Media from using it to provide a basis to tie Doe to such activity. *See* Fed. R. Evid. 407 (providing that evidence of subsequent measures cannot be used to prove culpable conduct but can be used to demonstrate ownership or control).